**J.A. CROSON COMPANY, Appellant,**

v.

**CENTRAL OHIO JOINT VOCATIONAL SCHOOL DISTRICT et al., Appellees.**

[Cite as *J.A. Croson Co. v. Cent. Ohio Joint Vocational School Dist.* (1995), 104 Ohio App.3d 146.]

Court of Appeals of Ohio,
Twelfth District, Madison County.

No. CA94–07–026.

Decided May 30, 1995.

*Emens, Kegler, Brown, Hill & Ritter, Ronald L. Mason* and *Todd F. Palmer,* for appellant.

*Zeiger, Dreher & Carpenter* and *Steven W. Tigges; Scott, Scriven & Wahoff* and *Gregory B. Scott,* for appellee Central Ohio Joint Vocational School District.

*Schottenstein, Zox & Dunn, Felix C. Wade* and *Edwin L. Skeens,* for appellee Fox Mechanical Company.

---

KOEHLER, Judge.

Plaintiff-appellant, J.A. Croson Company ("Croson"), appeals a decision of the Madison County Court of Common Pleas denying its motion for a temporary restraining order, denying its motion for leave to amend its complaint, and granting judgment on the pleadings. We affirm.

Croson, a nonunion contractor, was one of six contractors who submitted bids on a plumbing contract solicited by defendant-appellee, Central Ohio Joint Vocational School District ("school district"), on a Tolles Technical Center expansion project ("project"). The bid results released by the school district on March 17, 1994, revealed that defendant-appellee, Fox Mechanical Company ("Fox"), a union contractor, was the lowest bidder and Croson was the second lowest bidder. Croson filed a motion for a temporary restraining order to enjoin the school district from executing a contract with Fox. Croson also filed a protest with the school district. After a hearing, the school district awarded the contract to Fox.

At a hearing on the motion for temporary restraining order held on April 5, 1994, Croson argued that Fox's participation in a union "job targeting" program violated Ohio's competitive bidding statute, R.C. 3313.46, and the terms of the noncollusion affidavit which all bidders on the project were required to submit. Under a job targeting program, a portion of the union dues collected from the membership is allocated to a union fund which is used to subsidize the hourly labor rate paid by a union contractor on targeted projects in order to make the labor portion of the union contractor's bid competitive with that of nonunion bidders. Prior to bidding on a project, a union contractor submits a "request for target" to the union, identifying the project and estimating the necessary man-hours. The union decides whether to make the project a targeted job and, if so, sets the amount of the per-hour subsidy and a cap on the total amount available.

If the job is targeted, the information is given to all union contractors bidding on the job. Those who subsequently submit a bid give the union a sealed envelope containing that contractor's actual man-hours included in the bid. The envelopes remain sealed until the bids are opened.

The trial court found in its April 11, 1994 decision and entry that it was probable that federal labor law preempted Croson's state law cause of action, that there was nothing to suggest collusion among bidders and that, given the existing precedent on job targeting and preemption, there was no basis to find that job targeting constitutes collusion. In denying Croson's motion for a temporary restraining order, the court further found that there could be an adequate remedy at law. Croson subsequently sought to amend its complaint to include a claim for damages, but the court denied the motion, stating that Croson failed to state a claim upon which relief could be granted. The court then granted judgment on the pleadings. Croson raises six assignments of error on appeal:

"Assignment of Error No. 1:

"The Trial Court Erred By Using The Wrong Standard In Granting The School District's Motion for Judgment On The Pleadings[.]

"Assignment of Error No. 2:

"The Trial Court Erred In Finding That Plaintiff Did Not Assert A Claim That Job Targeting Violates Ohio's Competitive Bidding Statutes[.]

"Assignment of Error No. 3:

"The Trial Court Erred in Finding That Croson Had An Adequate Remedy At Law[.]

"Assignment of Error No. 4:

"The Trial Court Erred By Finding That Job Targeting Does Not Constitute Collusion[.]

"Assignment of Error No. 5:

"The Trial Court Erred In Denying Croson's Motion For Leave To Amend Its Complaint[.]

"Assignment of Error No. 6:

"The Trial Court Erred In Finding That Croson's Claims Were Preempted By Federal Labor Law[.]"

■ In Croson's sixth assignment of error, it argues that the trial court erred in finding that Croson's claims were preempted by federal labor law. The trial court relied upon *Indep. Elec. Contrs. of Greater Cincinnati, Inc. v. Hamilton Cty. Div. of Pub. Works* (Aug. 6, 1993), Hamilton C.P. No. A–9209065, unreported. The issue in *Indep. Elec. Contrs.* was whether union allocation of a

percentage of its general membership dues, collected by employers, to a job targeting fund violated Ohio's prevailing wage statute. The Hamilton County Common Pleas Court found that the plaintiff's state law claim was preempted by federal labor law.

In the instant case, Judge Robert Nichols found that nothing in counsel's presentations suggested that the competitive bidders engaged in collusion under the plain language of R.C. 3313.46(A)(10). Judge Nichols relied upon *Indep. Elec. Contrs.* to conclude that Croson's state law claims grounded in the prevailing wage statute, the noncollusion affidavit, and the competitive bidding statute were preempted by the National Labor Relations Act, Section 151 *et seq.*, Title 29, U.S.Code ("NLRA"). The *Indep. Elec. Contrs.* decision was recently affirmed by the First District Court of Appeals, which noted that "a challenge to the use of union dues for purposes other than collective bargaining is subject to section 8 [of the NLRA] and therefore preempted[.]" *Indep. Elec. Contrs. of Greater Cincinnati, Inc. v. Hamilton Cty. Div. of Pub. Works* (1995), 101 Ohio App.3d 580, 656 N.E.2d 18.

Croson raised the prevailing wage issue as well as the collusion issue during oral argument at the temporary restraining order hearing. Croson argues on appeal, however, that its complaint does not raise a prevailing wage claim, but rather alleges "collusion in the bidding process through participation in a job targeting program." What is at issue in this case, then, is whether federal labor law preempts a state law cause of action alleging that a bidder's participation in a union job targeting program constitutes collusive activity in violation of Ohio's competitive bidding statute (R.C. 3313.46) and the school district's noncollusion affidavit.

■ The United States Supreme Court addressed NLRA preemption of state law in *San Diego Bldg. Trades Council v. Garmon* (1959), 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775. The court said:

"When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by Section 7 of the National Labor Relations Act, or constitute an unfair labor practice under Section 8, due regard for the federal enactment requires that state jurisdiction must yield." *Id.* at 244, 79 S.Ct. at 779, 3 L.Ed.2d at 782.

The school district urges this court to determine that there was no collusion as a matter of law, and that if we so determine then preemption is not an issue. The United States Supreme Court has indicated, however, that "[i]f there is preemption under *Garmon*, then state jurisdiction is extinguished." *Internatl. Longshoremen's Assn., AFL–CIO v. Davis* (1986), 476 U.S. 380, 391, 106 S.Ct. 1904, 1912, 90 L.Ed.2d 389, 400–401. Preemption is a threshold inquiry; if

Croson's state law cause of action is preempted by federal labor law, a state court must decline jurisdiction in deference to the NLRB. *Id.*

Our inquiry therefore begins by asking whether union job targeting activity is arguably protected under Section 7 of the NLRA. Section 7 states:

"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 8(a)(3)." NLRA, Section 157, Title 29, U.S.Code.

Section 8 makes it an unfair labor practice for employers or their agents to "interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7." NLRA, Section 158(a)(1), Title 29, U.S.Code.

Central Ohio Joint Vocational School District Board of Education cites *Manno Elec., Inc.* (July 20, 1994), N.L.R.B. No. 15–CA–11891, where Manno, a nonunion contractor, alleged that a competing union participated in a job targeting program with the intent of injuring and restraining Manno's trade. Manno's cause of action was grounded in libel, harassment, and intentional infliction of emotional distress. The Administrative Law Judge ("ALJ") said in the opinion:

"Whether the Plaintiff may pursue a state lawsuit based on such a claim depends on whether the 'job targeting program' is protected by the Act. * * * Section 7 provides that employees shall have the right 'to engage in other concerted activities for the purpose of * * * other mutual aid or protection.' The objectives of the 'job targeting program' are to protect employees' jobs and wage scales. These objectives are protected by Section 7. Thus, the plaintiff's suit, which interferes with, restrains, and coerces employees in their Section 7 rights, offends Section 8(a)(1) of the Act. The claims which the Plaintiff sought to press were preempted." *Manno, supra.*[1]

Croson argues that its state claim should not be preempted by the NLRA because it is not challenging the legality of job targeting *per se.* Rather, Croson alleges that the way job targeting is implemented violates the noncollusion affidavit and Ohio's competitive bidding statute. We find the distinction to be illusory. In *Manno, supra,* the plaintiff did not challenge job targeting directly, but alleged that the union and its members engaged in job targeting with the

---

1. Exceptions were filed to the Administrative Law Judge's decision on September 19, 1994, and the case is currently pending before the NLRB.

intent of harassing the plaintiff and injuring his business. The ALJ determined that such a challenge interfered with and restrained the union in their Section 7 rights and was preempted.

*Garmon, supra,* emphasizes that the unifying thread in the Supreme Court's labor law preemption decisions is that fact that Congress created a specialized, centralized agency to administer labor policy nationally, to "avoid * * * diversities and conflicts likely to result from a variety of local procedures and attitudes towards labor controversies." *Garmon,* 359 U.S. at 243, 79 S.Ct. at 778, 3 L.Ed.2d at 781–782. The Supreme Court has set out a narrow exception to the *Garmon* rule for conduct of peripheral concern to the NLRB or deeply rooted in local feeling and responsibility, which requires a balancing of the state's interest in controlling the conduct against the risk that the state will sanction conduct which the NLRA protects. See *Belknap, Inc. v. Hale* (1983), 463 U.S. 491, 498–499, 103 S.Ct. 3172, 3177, 77 L.Ed.2d 798, 806–807. The conduct involved in this case, however, does not implicate a state interest of greater weight than the federal interest in the uniformity of its labor policy.

Application of R.C. 3313.46 in this case would allow a state court to regulate the procedure by which a union administers job targeting. In denying Croson's motion for a temporary restraining order, the trial court did not err in finding that Croson's state law cause of action would be preempted because it involves activity arguably protected under Section 7 of the NLRA. Croson's sixth assignment of error is not well taken and is overruled.

Croson's first through fifth assignments of error are rendered moot by our decision in this case and will not be discussed.

The judgment is affirmed.

*Judgment affirmed.*

FRED E. JONES, P.J., and WILLIAM W. YOUNG, J., concur.

FRED E. JONES, J., retired, of the Twelfth Appellate District, sitting by assignment.